UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACOB LEE ENTERPRISES LLC,

      Plaintiff,

v.

      Case No. 22-cv-654-pp

ERIE INSURANCE EXCHANGE,

      Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY (DKT. NO. 30)**

---

On May 6, 2022, the plaintiff filed a complaint in Racine County Circuit Court alleging that the defendant wrongfully denied it benefits for wind and water damage to its building in Racine, Wisconsin. Dkt. No. 1-2. The defendant removed the case to federal court based on diversity jurisdiction. Dkt. No. 1. On June 30, 2023, the defendant filed a motion for summary judgment, dkt. no. 16, supported in part by an expert witness report from Nicholas Gorgen of Roofing Consultants, Ltd. (RCL), dkt. no. 19-3. On August 31, 2023, the plaintiff filed a motion to exclude Gorgen's report and testimony or, in the alternative, to allow the plaintiff to name a rebuttal witness. Dkt. No. 30.

The court will deny the plaintiff's motion.

**I.    Background**

The plaintiff asserts that a September 13, 2021 storm damaged the roof of its building in Racine, Wisconsin. Dkt. No. 31 at 3. It filed a claim for the

damage with its insurer, the defendant. Id. The defendant contracted RCL to inspect the roof. Id. On October 15, 2021, Gorgen, RCL's inspector, inspected the roof and prepared a report for the defendant. Id. The plaintiff says that on the same day that RCL submitted its report, the defendant sent the plaintiff a reservation of rights letter stating that the roof may not be covered, but failing to identify any specific grounds for denying coverage. Id.

The plaintiff states that after receiving the letter, it requested RCL's report several times. Id. at 4. According to the plaintiff, the defendant asserted that the RCL report was "work product" and would not be released. Id. The plaintiff then sent the defendant an estimate of repairs and asked the defendant to inform the plaintiff if it disputed that the roof was covered by the plaintiff's policy. Id. The defendant did not respond, so at the end of November 2021 the plaintiff replaced the roof. Id. at 4–5. The plaintiff says that the defendant then approved coverage for the roof. Id. at 5.

The plaintiff alleges that the defendant never paid for the roof damage, leading to the filing of its complaint. Id. The plaintiff says that for the first time in its answer and affirmative defenses, the defendant asserted that its defective workmanship exclusion applied to the roof damage. Id.; Dkt. No. 2. The defendant produced the RCL report to the plaintiff as part of its Rule 26(a)(1) disclosures on July 26, 2022. Dkt. Nos. 31 at 5; 26 at ¶10. The defendant relies on the RCL report and Gorgen's testimony in support of its motion for summary judgment. Dkt. Nos. 31 at 5; 17.

**II.     Motion to Exclude Testimony (Dkt. No. 30)**

The plaintiff argues that the court should exclude the RCL report and Gorgen's testimony because the defendant improperly asserted the work product privilege to conceal the report until the physical evidence to rebut the report's conclusions was gone. Dkt. No. 31 at 6–7. The plaintiff asserts that in doing so, the defendant "acted in flagrant and knowing disregard for the litigation process" and asks the court to exclude the report and testimony as a sanction. Id. at 7.

   A.     The Parties' Arguments

The plaintiff asserts that litigants have a duty to preserve evidence essential to a claim that is likely to be litigated, and that the destruction or concealment of essential evidence constitutes spoliation. Id. (citing Am. Fam. Mut. Ins. Co. v. Golke, 319 Wis. 2d 397, 411 (Wis. 2009)). The plaintiff argues that the roof was essential evidence that now is lost because of the November 2021 repairs. Id. at 8. It argues that before the plaintiff replaced the roof, the defendant should have provided the plaintiff with a copy of the RCL report and identified the exclusions it believed were applicable. Id.

The plaintiff argues that the RCL report was not privileged work product because insurers have a duty to investigate claims, and because documents related to those claims are not prepared in anticipation of litigation. Id. at 9. The plaintiff says that in the absence of the report, before it replaced the roof it asked the defendant to provide the basis and supporting documentation for denying coverage, but the defendant failed to do so, only stating the basis for

3

its denial after litigation began. Id. at 9–10. The plaintiff argues that the defendant should have given it notice of the grounds for denying coverage while the evidence still existed so that the plaintiff could determine whether there was a basis for the denial. Id. at 10. The plaintiff argues because the defendant failed to state the grounds for denial of coverage before the plaintiff replaced the roof, it cannot now conduct an independent investigation to rebut the conclusions in the RCL report. Id. The plaintiff argues that it asked the defendant to confirm whether it could proceed with the roof repairs and to identify any grounds for denying coverage before the plaintiff did so, but that the defendant did not respond, causing the plaintiff to destroy the evidence. Id. at 11. The plaintiff asserts that the court should exclude the RCL report and Gorgen's testimony as a sanction for spoliation. Id. at 12.

In the alternative, the plaintiff argues that if the court permits Gorgen to testify at trial, the court should allow the plaintiff to designate its consulting expert as a rebuttal expert. Id. at 12–13. The plaintiff argues that summary judgment briefing reveals how the plaintiff would cross-examine Gorgen at trial, allowing the defendant to prepare defenses addressing its expert's shortcomings. Id. at 13. The plaintiff contends that having a rebuttal expert testify as affirmative evidence would alleviate some of the prejudice to the plaintiff. Id.

The defendant responds that the plaintiff has stated no legal grounds for excluding the RCL report and Gorgen's testimony. Dkt. No. 38 at 2. The defendant argues that Gorgen's testimony meets the requirements of Federal

4

Rule of Evidence 702 and that it followed the requirements of Federal Rules of Civil Procedure 26 and 37 when it designated Gorgen as an expert. Id. at 2–3. The defendant contends that the plaintiff knew when it submitted the report with its Rule 26(a)(1) initial disclosures that it planned to use the RCL report to support its defenses and insists that it properly disclosed Gorgen as a testifying expert under Rule 26(a)(2). Id. at 3. It argues that nothing in the federal rules permits the court to exclude a properly disclosed expert based on a litigant's pre-suit conduct. Id. at 3–4.

The defendant concedes that a party has a duty to preserve evidence and that sanctions are available for spoliation of evidence but argues that it did not destroy the roof. Id. at 4–5. According to the defendant, both Wisconsin state law and Seventh Circuit precedent require the court to find that the spoliator had an intent to destroy evidence before imposing sanctions. Id. at 5–6. The defendant argues that it instructed the plaintiff to preserve the roof prior to the defendant's inspection and that at no point did it prohibit the plaintiff from performing its own inspection. Id. at 7–8. The defendant contends that the plaintiff made a "strategic decision not to inspect the roof" and that the defendant did not destroy, alter or conceal the roof from the plaintiff. Id. at 8.

The defendant maintains that it properly asserted privilege over the RCL report. Id. at 9–10. According to the defendant, Fed. R. Civ. P. 26(b)(3)(A) and Wis. Stat. §804.01(2)(c)1 both provide that documents created in anticipation of litigation are protected work product. Id. at 10. The defendant argues that it disclosed the report and waived privilege at the start of the litigation because it

intended to rely on the report's conclusions, but that there was no obligation for it to produce the report earlier. Id. at 10–11.

The defendant argues that the plaintiff should not be allowed to designate a testifying expert at this stage because the plaintiff knew of the RCL report and Gorgen's testimony from the beginning of litigation and could have designated a rebuttal expert in a timely manner. Id. at 11–12. The defendant argues that the plaintiff's failure to designate its testifying expert is not substantially justified because it had all the relevant information about the defendant's expert and affirmative defenses by July 26, 2022, when the defendant submitted its initial disclosures. Id. at 12–13. The defendant says that although there were no deadlines for expert disclosures set in the original scheduling order, the parties stipulated to expert disclosure deadlines prior to the summary judgment deadline. Id. at 13. The defendant argues that the plaintiff had until May 17, 2023 to designate a rebuttal expert, but that it chose not to do so until its response to the defendant's summary judgment motion in August 2023. Id. at 13–14. The defendant maintains that it was entitled to rely on the absence of a rebuttal expert and a designation now would not be harmless. Id. at 15–16. The defendant argues that even if the court allows the late designation, the court should limit the expert's testimony to rebuttal rather than affirmative evidence, to limit the harm to the defendant. Id. at 16.

In reply, the plaintiff concedes that it was aware of Gorgen's report before the suit was filed, but reiterates its claim that the defendant did not preserve

6

Case 2:22-cv-00654-PP    Filed 03/28/25    Page 6 of 10    Document 46

the evidence or give a reasonable opportunity to inspect the evidence. Dkt. No. 40 at 2. It insists that the defendant did destroy—"spoliate"—evidence by telling the plaintiff to proceed with the roof repairs without suggesting that they would not be covered. Id. at 5. It argues that the defendant had reason to know that litigation was forthcoming and that the roof was essential evidence. Id. at 8. And the plaintiff emphasizes that as a sanction, it is not asking for dismissal of claims or the case—only that the court prevent the defendant from "taking advantage of the situation it created." Id. at 10.

B. Analysis

The plaintiff asks the court to exclude the RCL report and Gorgen's testimony as a sanction for spoliation. A spoliation sanction is proper only when a party has a duty to preserve evidence because the party knew, or should have known, that litigation was imminent. Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir. 2008). The party seeking sanctions also must make a showing that the opposing party spoliated the evidence in bad faith. Fed. R. Civ. P. 37(e); Bracey v. Grondin, 712 F.3d 1012, 1019 (7th Cir. 2013). A spoliation sanction may be proper if one party prevents another party from inspecting the evidence before its destruction. See Cooper v. United Vaccines, Inc., 117 F. Supp. 2d 864, 874–75 (E.D. Wis. 2000) (granting motion for sanctions where the plaintiff prevented the defendant from inspecting the evidence before accidentally destroying it through its own inspection); Below by Below v. Yokohama Tire Corp., Case No. 15-CV-529, 2017 WL 764824, at *2

7

(W.D. Wis. Feb. 27, 2017) (sanctions proper where the plaintiff failed to timely inform the defendant of the opportunity to inspect evidence).

The parties do not dispute that the defendant had a duty to preserve evidence relating to the plaintiff's claim. Dkt. No. 38 at 8. The plaintiff implies that the damaged roof itself is the evidence that should have been preserved. But the defendant did not destroy the roof; the plaintiff did, by having the roof repaired. According to the plaintiff's own narrative, it received a reservation of rights letter from the defendant advising that the defendant might deny coverage, requested the RCL report and was informed the RCL report was work product that would not be disclosed. The plaintiff nonetheless decided to repair the roof without performing its own independent investigation of the roof's condition. The plaintiff was on notice that the defendant could assert a reason to deny coverage. Although the reservation of rights letter does not identify the grounds for the denial, that omission relates to the merits of whether the defendant's notice to the plaintiff was sufficient. It does not demand the conclusion that the plaintiff had no meaningful opportunity to inspect the damaged roof. In contrast to the facts in Cooper or Below, the defendant here never prohibited or restricted the plaintiff from inspecting the roof, or failed to timely inform the plaintiff of its opportunity to inspect the roof. The court cannot conclude that the defendant spoliated evidence, so sanctions are not warranted.

The plaintiff alternatively asks to designate its own expert to rebut Gorgen's testimony. The plaintiff did not identify any affirmative experts by the

8

March 1, 2023 deadline the parties asked the court to set, dkt. no. 15, nor did it identify any rebuttal experts within thirty days after the defendant disclosed its expert (see Fed. R. Civ. P. 26(a)(2)(D)(ii)). "Rule 26(a)(2) of the Federal Rules of Civil Procedure requires the proponent of expert testimony to disclose the witness's identity, along with a written report that contains, among other things, a 'complete statement of all opinions the witness will express and the basis and reasons for them.'" Happel v. Walmart Stores, Inc., 602 F.3d 820, 825 (7th Cir. 2010). "The sanction for failure to comply with this rule is the 'automatic and mandatory' exclusion from trial of the omitted evidence, 'unless non-disclosure was justified or harmless.'" Id. (quoting Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 869 (7th Cir. 2005)).

The plaintiff contends that its request to name a rebuttal expert now "was not made to seek relief from any rule governing disclosure deadlines, but rather as a sanction for [the defendant's] conduct." Dkt. No. 40 at 13. The court has determined that there is no basis for imposing any sanction on the defendant. Although the plaintiff may have wanted access to the RCL report sooner, the defendant provided it to the plaintiff on July 26, 2022. The plaintiff had ample opportunity between July 26, 2022 and March 1, 2023 to designate an expert to challenge Gorgen's conclusions. The plaintiff provides no justification as to why it declined to name an expert until this late stage of the proceedings. Because there is no basis for the court to allow the plaintiff to name an expert as a "sanction," and because the plaintiff has not shown that

9

its untimely expert disclosure is substantially justified or harmless, the court will not allow the plaintiff to designate a rebuttal expert.

### III. Conclusion

The court **DENIES** the plaintiff's motion to exclude testimony or designate a rebuttal expert. Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 28th day of March, 2025.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**